IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 0 9 2007

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. 2:07CR20057 |
| FASHION OUTLET, LLC | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(2) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND PLEA OF GUILTY TO INFORMATION

1. The defendant agrees to waive indictment by a grand jury and consents to the filing of an Information charging the defendant with Trafficking in Counterfeit Goods in violation of Title 18, United States Code, Section 2320. Defendant further agrees to plead guilty to the Information.

### ADVICE OF RIGHTS

2. The defendant hereby acknowledges that it has been advised of its constitutional and statutory rights. Further, the defendant agrees that it understands the defendant's right:

   a. to have an attorney and if it cannot afford an attorney, to have one provided to the defendant and paid for at government expense;

   b. to persist in the defendant's plea of not guilty;

   c. to have a speedy and public trial by jury;

   d. to be presumed innocent until proven guilty beyond a reasonable doubt;

   e. to confront and examine witnesses who testify against the defendant;

f.  to call witnesses on the defendant's behalf;

g.  to choose to testify or not testify and that no one could force the defendant to testify; and

h.  to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

3.  The defendant hereby acknowledges that he understands with respect to each count to which the defendant pleads guilty, the defendant thereby WAIVES all of the rights listed as (b) through (h) of paragraph 2.

## WAIVER OF ACCESS TO RECORDS

4.  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

5.  The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

6.  By signing this agreement, the defendant acknowledges that he has been advised of his rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendant should breach any provision of this plea agreement, he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11(f) and Rule 410. Upon defendant's breach of any provision of this agreement, the government shall be

allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendant to any person;

    b. statements made by the defendant during his change of plea hearing;

    c. the factual basis used at the change of plea hearing;

    d. any testimony given under oath to a grand jury or a petit jury;

    e. any and all physical evidence of any kind which the defendant has provided to the government; and,

    f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

7. If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## STIPULATION OF FACTS

8. Jon David Wilson is the registered owner of Fashion Outlet, LLC, located at 523 Garrison Avenue, Ft. Smith, Arkansas. On or about May 31, 2006, a cease and desist letter was served on the Fashion Outlet, LLC and its registered owner, Jon David Wilson. This letter put Fashion Outlet on notice that it was to immediately cease and desist with any further sales of "7 For All Mankind" jeans, as they were counterfeit products.

On or about January 31, 2007, a search warrant was executed at the Fashion Outlet, located at 523 Garrison Avenue, Ft. Smith. During the search, ICE agents identified counterfeit merchandise from various trademark holders and seized merchandise with an estimated value of $50,586.00.

## MAXIMUM PENALTIES

9. The defendant hereby acknowledges that the defendant has been advised of the maximum penalties for the one count Information to which the defendant is pleading guilty. By entering a plea of guilty to the Information, the defendant agrees that defendant faces:

    a. a maximum fine of $5,000,000.00, and;

    b. a special assessment of $400.00.

## NO OTHER CHARGES

10. The government agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the defendant in the Western District of Arkansas.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

11. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give the defendant the right to withdraw its plea of guilty.

## RELEVANT CONDUCT CONSIDERED

12. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which the defendant has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## CONCESSIONS BY THE GOVERNMENT

13. The government agrees not to object to a finding by the probation office or a ruling of the Court which awards the defendant an appropriate level decrease in the base offense level for acceptance of responsibility.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

14. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the defendant's requests or recommendations for certain findings of fact or applications of the guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

15. The parties agree that nothing in this agreement binds the district court to:

   a. make any specific finding of fact;

   b. make any particular application of the Sentencing Guidelines;

   c. hand down any specific sentence;

   d. accept this plea agreement.

16.     The government and the defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

17.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

18.     The defendant agrees that he will pay $400.00 as the special assessment in this case.

### FORFEITURE

19.     The defendant agrees that he will forfeit all counterfeit items that have been seized by Immigration and Customs Enforcement.

### REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

20.     The defendant and defendant's attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change its plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change its plea to guilty is not the result of threats or coercion directed at anyone connected with them.

21.     By signing this plea agreement, counsel for the defendant acknowledges that:

   a. he has read this plea agreement;

   b. he has given a copy of it to the defendant;

   c. he has explained the ramifications of the plea agreement to the defendant; and

   d. he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

22. The defendant and its attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change the defendant's plea to guilty.

Dated this 9th day of August, 2007.

Fashion Outlet, LLC
Defendant
By: Jon D. Wilson, registered agent and owner

Daniel Stewart
Attorney for Defendant

By: 

ROBERT C. BALFE
U. S. ATTORNEY

Wendy L. Johnson
Assistant U.S. Attorney